two separate accidents occurred, for both of which plaintiff is claiming damages, the Court feels that he should sustain the motion of the defendant.

The plaintiff may have 15 days in which to file a Bill of Particulars.

## ASPARAGUS v. BALTIMORE & O. R. CO.

### Civ. No. 5700.

District Court, N. D. Ohio, Western Division.

June 19, 1947.

Carl J. Gugler, of Galion, Ohio, for plaintiff.

J. S. Rhinefort, of Toledo, Ohio, for defendant.

KLOEB, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Defendant has filed a motion for a Bill of Particulars. In view of the peculiar circumstances involved herein, viz., that

## PRICE v. MUTH BROS., Inc.

### Civil Action No. 857.

District Court, S. D. Ohio, W. D.

June 18, 1947.

Pickrel, Schaeffer & Ebeling, of Dayton, Ohio (J. Paul Brenton, of Dayton, Ohio, of counsel), for plaintiff.

Matthews & Altick, of Dayton, Ohio (Hugh H. Altick, of Dayton, Ohio, of counsel), for defendant.

NEVIN, District Judge.

This cause is now before the court on a motion heretofore, to-wit, on May 20, 1947, filed by and on behalf of defendant. In its motion defendant moves the court for an order requiring plaintiff to file and serve a more definite statement of his claim in the certain respects and particulars as in the motion set forth. The particulars referred to are set forth in the motion in four paragraphs, numbered 1 to 4, inclusive.

The court is of the opinion that the motion is not well taken and that it should be overruled as to each of said paragraphs respectively and in its entirety.

The motion falls within the decision of this Court made on January 3, 1939, in Hardin v. Interstate Motors Freight System, D.C., 26 F.Supp. 97.

■ The complaint in the instant case follows in substance, if not literally, Form 9, appended to the Rules of Civil Procedure, Title 28 U.S.C.A. following Section 723c. While the forms appended to the Rules of Civil Procedure are intended for illustration purposes only, it is the view of the court that where they are in a proper case (as here) followed in substance, the allegations of the complaint are sufficiently definite.

■ Since contributory negligence is an affirmative defense under the Rules of Civil Procedure, rule 8(c), the complaint need contain no allegation of due care upon the part of plaintiff. One of the purposes of the Rules of Civil Procedure is to simplify pleadings in the Federal Courts.

As pointed out by counsel for plaintiff in their memorandum, defendant can probably secure the information which it is seeking either by way of deposition and discovery or possibly by means of a Bill of Particulars, as provided in Rule 12(e) of the Rules of Civil Procedure.

As to these latter suggestions, the Court is making no ruling at this time. This present ruling is confined to the motion now before the Court. This motion the Court finds, is not well taken and should be, and it is, overruled.

Counsel may prepare and submit an order accordingly.